UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ARCHIE P. SCURLOCK, JR.                                CIVIL ACTION

VERSUS                                                 NO: 05-689

STEVEN R. WOLFE AND MARYLAND                           SECTION: "J" (3)
MARINE, INC.

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

This matter came on for bench trial on the merits on April 2, 2007. Upon consideration of all of the evidence and argument of counsel, and pursuant to F.R.Civ.P., Rule 52 (a), the Court issues the following findings of fact and conclusions of law.

1.

This case arises from an altercation between Archie Scurlock, Jr., the relief captain, and Steven Wolfe, the pilot, in the wheelhouse aboard the M/V CAPTAIN JACK HIGMAN on January 8, 2005.

2.

As a result of this altercation, the relief captain, Archie Scurlock, Jr. sustained facial injuries, including a fractured nose.

3.

The primary factual issue at trial was whether Mr. Scurlock or Mr. Wolfe was the aggressor. Mr. Scurlock claims that Mr. Wolfe struck him in the face without provocation. On the other hand, Mr. Wolfe testified that he struck Mr. Scurlock with his elbow only in self-defense after Scurlock had struck him with a clipboard and then attempted to strike him with a set of allen wrenches.

4.

The Court finds that Mr. Scurlock's testimony is not credible. The version and sequence of events as described by Mr. Wolfe are more plausible and believable. First, Scurlock's testimony is inconsistent with the physical evidence, including the location of blood on the console of the wheelhouse, and the position of the two parties compared to the photographs of the injuries sustained by both parties. Second, Scurlock claimed the vessel was moored at the time of the incident, which is contradicted not only by Wolfe, but also by the tankerman, Juan Gonzales, whose testimony strikes the Court as credible. Third,

Mr. Scurlock's testimony in several important respects was contradicted by not only Wolfe, but also by several other witnesses, including the vessel's captain, Jessie Harris. Another example is that Scurlock denied that he ever touched Wolfe before being struck, which testimony is contradicted by a tankerman who was in the wheelhouse and witnessed Scurlock and Wolfe push each other shortly before the incident in question.

5.

Scurlock was angry because he learned that Wolfe had reported a previously unreported accident that had occurred a few days earlier when Scurlock was at the wheel. Scurlock became furious, began cursing and screaming at Wolfe, hit Wolfe from behind with a clipboard, and then attempted to strike Wolfe with a set of allen wrenches. At that point, in self defense, Wolfe used his elbow to block Scurlock, and in the course of doing so, struck Scurlock's nose with his elbow.

6.

For these reasons, the Court finds that Mr. Scurlock was the aggressor in the altercation which resulted in his injury.

7.

A shipowner is only liable to a seaman under the Jones Act for a shipboard assault if the assault was committed by a superior of the victim for the ship's benefit; or, the assault

was reasonably foreseeable and the shipowner failed to exercise reasonable care to protect the victim. *Miles v. Melrose*, 882 F.2d 976, 983-84 (5th Cir. 1989). Under either the Jones Act or the warranty of seaworthiness, there can be no recovery where the alleged assailant acts in self defense, utilizing reasonable force under the circumstances. *McConville v. Florida Towing*, 321 F.2d 162 (5th Cir. 1963).

8.

Wolfe acted in self defense, and with reasonable force under the circumstances. Accordingly, the defendant vessel owner cannot be liable under either the Jones Act or the warranty of seaworthiness.

9.

Generally, a seaman injured while in the service of his vessel is entitled to receive maintenance and cure regardless of whether the shipowner was at fault or the ship was unseaworthy. *Guevara v. Maritime Overseas Corp.*, 59 F.3d 1496 (5th Cir. 1995). However, a seaman is not entitled to maintenance and cure when he is injured because of his own willful misconduct. *Aguilar v. Standard Oil Co.*, 318 U.S. 724 (1943). A seaman injured in an altercation in which he was the aggressor is guilty of willful misconduct and is not entitled to maintenance and cure. *McConville*, 321 F.2d at 165.

10.

The Court concludes that Mr. Scurlock was the aggressor in the altercation with Mr. Wolfe, and his injury was caused by his own willful misconduct. Therefore, defendant is not liable for maintenance and cure benefits.

New Orleans, Louisiana this the 11th day of April, 2007.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE